```
                 UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MASSACHUSETTS


MELVIN RICHARDSON              )
  Petitioner                   )
                               )
       v.                      )    09-cv-30079-MAP
                               )    03-cr-30047-MAP
UNITED STATES OF AMERICA,      )
  Respondent                   )
```

### MEMORANDUM AND ORDER REGARDING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255
(Dkt. Nos. 1 & 119)

July 12, 2010

PONSOR, D.J.

On August 1, 2005, a federal grand jury returned a four-count superceding indictment again Petitioner Melvin Richardson for various drug and firearm offences. Following a jury trial, Petitioner was convicted on all counts on March 31, 2006. He eventually received a sentence of 216 months imprisonment, with four years of supervised release to follow. Petitioner's conviction was affirmed on appeal on March 11, 2008. United States v. Richardson, 515 F.3d 74 (1st Cir. 2008).

In the motion now before the court, Petitioner offers two bases for relief: first, the assistance of his counsel at trial was so ineffective as to violate his constitutional rights; second, the court erroneously permitted admission of evidence against Petitioner in violation of Arizona v. Gant,

129 S.Ct. 1710 (2009). As the government's memorandum in opposition to the motion points out, neither of these bases for relief can sustain scrutiny.

As to the effective assistance claim, it is well established that Petitioner must demonstrate that his lawyer's performance failed to meet an objective standard of reasonableness and that there was a reasonable probability that, but for counsel's error, the result of the trial would have been different. Strickland v. Washington, 466 U.S. 668, 688-689 (1984). As the Supreme Court pointed out in Strickland, a strong presumption exists that counsel's conduct was reasonable. Id. at 697. Indeed, in order to satisfy the first prong of Strickland, Petitioner must demonstrate that counsel's performance was so poor that he was in essence "not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. at 687.

The performance of Petitioner's extremely experienced trial counsel came nowhere near to descending below the required mark. His decision to stipulate as to Petitioner's prior convictions was entirely reasonable under the circumstances. The argument that he failed to prepare Petitioner adequately to testify, with the result that he was disastrously impeached during the government's cross-examination, simply reflects the recklessness of Petitioner's

decision to testify, not any inadequacy on the part of counsel. The argument that counsel failed to advise Petitioner to accept a ten-year plea offer similarly does not reflect ineffective assistance of counsel. The decision with regard to accepting a plea offer is always difficult, and Petitioner's own affidavit indicates that the offer was conveyed to him for his consideration.[1]

The Strickland test does not require that Petitioner's counsel's performance be perfect. It merely requires that it satisfy certain objective criteria and not descend to the point where Petitioner effectively had no counsel during trial. This standard has not been even approached on the facts of this case.

Petitioner's Gant argument can be disposed of quickly. Gant involved a search incident to an arrest; the search in this case was made pursuant to an inventory. The facts of this case are particularly egregious. Petitioner was driving over 80-miles-an-hour on an interstate with no driver's license in a vehicle that reeked of marijuana, and in which he was carrying a significant amount of crack cocaine hidden under a floor mat. The police officers who stopped him were not only entitled, but obliged, to have his vehicle towed.

---

[1] Significantly, the government denies ever having made such an offer at any point.

**The inventory search was done prior to the towing following normal procedures and revealed the contraband. No argument for its suppression will sustain weight. See <u>United States v. Sanchez</u>, No. 09-1906 (1st Cir., July 9, 2010)**

**For the foregoing reasons, Petitioner's motion pursuant to 28 U.S.C. § 2255 is hereby DENIED. The clerk will enter judgment for Respondent; this case may now be closed.**

**It is So Ordered.**

**/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge**