UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MELVIN RICHARDSON,<br>　　　　Petitioner | )<br>)<br>)<br>)<br>)<br>) | |
| v. | ) | Civil Action No. 09-30079-MAP |
| | )<br>)<br>) | |
| UNITED STATES OF AMERICA,<br>　　　　Respondent | )<br>) | |

REPORT AND RECOMMENDATION WITH REGARD TO PETITIONER'S RENEWED
MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Document No. 18)
October 14, 2010

NEIMAN, U.S.M.J.

Melvin Richardson ("Petitioner"), a federal prisoner proceeding *pro se* under 28 U.S.C. § 2255, has submitted for filing a Renewed Motion for Leave to Appeal *In Forma Pauperis*.[1] Petitioner's motion has been referred to this court, presumably as a dispositive matter pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b), for a report and recommendation.  For the reasons that follow, this court will recommend that the motion be denied and that the district court certify in writing to the Court of Appeals, pursuant to subsection (a)(3) of the *in forma pauperis* statute, 28 U.S.C. § 1915 and Fed. R. App. P. 24(a)(3)(A), that Petitioner's appeal is not taken in good faith.

As Petitioner is aware, District Judge Michael A. Ponsor, on July 10, 2010, denied Petitioner's motion to vacate, set aside, or correct his sentence (Document No.

---

[1] On August 23, 2010, this court denied Petitioner's initial motion to proceed *in forma pauperis* for failing to supply a prison account statement.

9) and closed this case.  In so doing, Judge Ponsor held that neither of Petitioner's bases for relief could "sustain scrutiny."  (*Id.* at 2.)  Regarding Petitioner's ineffective assistance of counsel claim, Judge Ponsor found that "[t]he performance of [his] extremely experienced trial counsel came nowhere near to descending below the required mark."  (*Id.*)  Similarly, Judge Ponsor held that there was "[n]o argument" supporting Petitioner's second basis for relief, *i.e.*, his contention that evidence against him was permitted in violation of *Arizona v. Gant*, 129 S.Ct. 1710 (2009).  (*Id.* at 1, 3-4.)

On September 8, 2010, Judge Ponsor denied Petitioner a certificate of appealability.  (Document No. 15.)  In reaching that conclusion, Judge Ponsor held as follows:

> There simply has not been any showing of the denial of any constitutional right.  Petitioner has not raised issues that are debatable among jurists of reason, in the sense that some other court could resolve them in a manner differently than I did.  Unfortunately for Petitioner, his petition simply does not raise questions which deserve encouragement to proceed further on appeal.

(*Id.* at 2-3.)

To be sure, the standard for granting *in forma pauperis* status on appeal is somewhat lower than the standard needed to obtain a certificate of appealability.  *See Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000).  *But see Breaston v. Superintendent*, 2009 WL 3720647, at *1 (N.D. Ind. Nov. 4, 2009) ("Where the court denies a certificate of appealability because the petition was without merit, then it should also deny *in forma pauperis* status on appeal because the appeal is not taken in good faith.").  However, based on the substance of the rulings above as well as the

unique history of this case -- which Judge Ponsor has supervised for over seven years, *see United States v. Richardson*, Criminal Action No. 03-30047-MAP -- this court has little choice but to conclude that Petitioner's appeal is not taken in good faith and, hence, that his renewed motion to proceed *in forma pauperis* should be denied. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); Fed. R. App. P. 24(a)(3) (indicating that a party who was permitted to proceed *in forma pauperis* at the district court may proceed *in forma pauperis* on appeal "unless . . . the district court . . . certifies that the appeal is not taken in good faith.").

Accordingly, the court hereby recommends that Petitioner's renewed motion for leave to proceed *in forma pauperis* be denied and that Judge Ponsor certify in writing to the Court of Appeals, pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3)(A), that Petitioner's appeal is not taken in good faith.[2]

DATED: October 14, 2010

                                                 /s/ Kenneth P. Neiman
                                                KENNETH P. NEIMAN

---

[2] Petitioner is advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the his receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. Petitioner is further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).

U.S. Magistrate Judge